UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____          │
│ DATE FILED: _9/7/2021_____          │
└─────────────────────────────────────┘
```

MARTIN J. SAUER,

                             Plaintiff.

      -against-

TOWN OF CORNWALL, and TODD HAZARD,
Town of Cornwall Police Chief,

                        Defendants.

No. 20-cv-4881 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Martin Sauer ("Plaintiff" or "Sauer"), is a 74-year-old partially blind veteran that commenced this action under 42 U.S.C. § 1983 ("Section 1983") against Defendants Town of Cornwall ("Town") and Police Chief Todd Hazard ("Chief Hazard") (collectively, "Defendants") for various constitutional violations relating to Chief Hazard's arrest of Plaintiff for giving away sweet corn without a peddler's permit issued by the Town (even though he had a State-issued peddler's license). (Complaint ("Compl.") (ECF No. 1-1).) Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5) arguing, among other things, that Plaintiff did not properly serve Defendants. For the following reasons, Defendants' motion is GRANTED, solely on the grounds of improper service, Plaintiff is granted an extension of 60 days to cure his service defects or obtain a waiver of service, and Plaintiff's claims are not dismissed pursuant to this Opinion.

## BACKGROUND

The following facts are derived from the Complaint or matters of which the Court may take judicial notice, are taken as true, and constructed in the light most favorable to Plaintiff for the

purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is partially blind 74-year old veteran of the United States Armed Forces that sold his sweet corn from a truck along the side of Route 32 in the Town of Cornwall for over twenty years (approximately between 1992 and 2018).  (*See* Compl. ¶¶ 9-10.)  Plaintiff sold his sweet corn pursuant to: (1) a peddler's license issued by the State of New York in 1992 that conferred a lifetime right to peddle one's sweet corn (the "Peddler's License"), and (2) annual peddler's permits issued by the Town Clerk for the Town of Cornwall between 2011 and 2017 ("Peddler's Permits").  (*Id.* ¶¶ 11-15.)  In 2018, the Town denied Plaintiff's applications for a Peddler's Permit based, in part, upon Chief Hazard's assessment that the sale of sweet corn on the side of the road was dangerous to the community.  (*Id.* ¶¶ 16-17.)  After his permit was denied, Plaintiff decided to "park his truck along Route 32 in the Town of Cornwall and give away his sweet corn" on the theory that you don't need a peddler's permit to give away your corn.  (*Id.* ¶¶ 18-21.)  On July 21, 2018, Chief Hazard arrested Plaintiff for unlicensed peddling of sweet corn in violation of Section 111-4 of the Town Code.  The arrest kicked off a legal battle in state court that is not immediately relevant to the resolution of this motion.  (*Id.* ¶¶ 25-55.)

After initiating this action, on July 7, 2020, Plaintiff mailed a bundle of documents to the Town Clerk and Chief Hazard containing, among other things, copies of the complaint and a blank form that could be completed by Defendants to waive service.  (*See* ECF No. 22-2.)  On July 9, 2020, Plaintiff's counsel also sent Defendants' counsel a copy of the complaint.  (ECF No. 22-3.)  Later, on July 26, 2020, Defendants' counsel requested an extension of 30-days to answer or respond to the complaint and did not, at that time, raise improper service as an issue.  (*Id.*)  In any

event, there is no proof of service on the docket and Plaintiff concedes that "formal service was never effected."  (Pl's Opp. at 5.)

## LEGAL STANDARDS

**Rule 12(b)(5)**

Fed. R. Civ. P. § 12(b)(5) provides that a complaint may be dismissed for insufficient service of process.  When considering a Rule 12(b)(5) motion, a court must look to matters outside the complaint to determine whether it has jurisdiction.  *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  Plaintiff bears the burden of establishing that service was sufficient.  *Khan v. Khan*, 360 Fed. App'x. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)) (internal citation omitted).  On a motion to dismiss, Courts should consider the issue of jurisdiction first, because dismissal for lack of jurisdiction renders all other claims moot.  *Darden*, 191 F. Supp. 2d at 386 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Calero v. Immigration and Naturalization Service*, 957 F.2d 50 (2d Cir. 1992); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000)).

**Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

3

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted).

## DISCUSSION

Defendants seek dismissal of Plaintiff's Complaint on, *inter alia*, the grounds of improper service. Plaintiff concedes that "formal service was never effected" but asks this Court to either deem service effective or grant Plaintiff an extension to effect service on Defendants. The Court concludes that it is proper and appropriate to exercise its discretion to grant Plaintiff an extension of 60 days to properly effectuate service on Defendants. Having concluded that proper service has not been made upon Defendants and that this Court therefore does not have jurisdiction over Defendants, the Court does not reach the merits of Defendants' arguments for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

I. **Whether Plaintiff Established Effective Service of Process on Defendants**

Rule 4(e) governs appropriate service of process with respects to service on individuals and dictates that "an individual within a judicial district of the United States" may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

4

Fed. R. Civ. P. 4(e).

Rule 4(j)(2) governs appropriate service of process with respect to state or local government entities and dictates that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Further, federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. *See* Fed. Rule Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In New York, therefore, personal jurisdiction will be proper where service is effective pursuant to New York Civil Practice Law ("CPLR") or related rules.

CPLR Section 308 provides that personal service upon an individual may be made by (1) "delivering the summons within the state to the person to be served;" or (2) "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served . . . [along with proof of service filed on the docket];" or (3) "by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318". CPLR § 318 (1)-(3).

CPLR Section 311 provides that personal service upon a corporation or governmental subdivision shall be made by delivering the summons "upon any domestic or foreign corporation,

5

to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR. § 311.

The Court need not exhaustively analyze whether Plaintiff formally complied with any of the aforementioned rules because Plaintiff concedes that "formal service was never effected." (Pl's Opp. at 5.)  As it is Plaintiff's burden to establish that service was sufficient, this admission is dispositive.

Nonetheless, Plaintiff argues that this Court should "deem" service proper because Defendants were indisputably on notice as to the pendency of this action and engaged in gamesmanship by not executing a waiver of service.  Plaintiff states that the Court can infer that Defendants were on notice about the action because:  (1) "on July 7, 2020, a complete Notice of Lawsuit, Complaint, two copies of Waiver of Service of Summons, Rules of Practice of Honorable Nelson A. Roman, and USDC/SDNY Electronic Case Filing Rules and Instructions were mailed to the Town Clerk and to Hazard" (Pl's Opp. at 3); (2) on July 9, 2020 "a copy of the recently filed complaint was emailed to Defendants' counsel, Ms. Lee" (*id.*); and (3) on July 26, 2020, Plaintiff received a request for an extension of time to answer or respond to the Complaint resulting in a stipulation filed on July 29, 2020 (ECF No. 11).

The Court does not believe that what occurred—basically a misunderstanding between counsel as to whether service was waived in negotiating an extension to responsive pleadings— qualifies as gamesmanship by Defendants and, regardless, Plaintiff identifies no authority that suggests that this Court can or should deem service effected without technical compliance with state or federal rules governing service of process.  Accordingly, the Court finds that neither the Town nor Chief Hazard were effectively served and declines to "deem" the mailings identified by Plaintiff as effective.

## II.     Whether Plaintiff Should be Granted an Extension to Serve Process

Although the Court declines Plaintiff's invitation to deem his attempted service of process effective, the Court nevertheless elects to exercise its discretion pursuant to Federal Rule of Civil Procedure 4(m) to grant Plaintiff an extension of time to effectuate proper service. Pursuant to Federal Rule of Civil Procedure 4(m), a court must grant a reasonable extension of time to serve if Plaintiff shows "good cause" for the failure to effect timely service. Fed. R. Civ. P. 4(m). Rule 4(m) additionally affords district courts broad discretion to grant extensions of time to serve even absent "good cause." *Mares v. United States*, 627 F. App'x. 21, 23 (2d Cir. 2015) (summ. order). In exercising such discretion, courts typically consider whether a plaintiff made diligent efforts to effect service as well as:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Castro v. City of New York*, No. 05-CV-593 (LAK) (MHD), 2007 WL 3071857, at *7 (S.D.N.Y. Oct. 10, 2007) (internal quotation marks omitted), *report and recommendation adopted*, 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007).

After careful consideration of all relevant factors, the Court finds that an extension of time to effectuate service on Defendant is warranted.

*First*, Plaintiff engaged in diligent efforts to obtain a waiver of service. Seeing as the parties have been in litigation in state court for several years and were in communications regarding a settlement, it was appropriate for Plaintiff to seek a waiver of service to reduce unnecessary costs in this matter. To that end, and with the goal of giving actual notice to Defendants and their counsel, Plaintiff's counsel mailed copies of the relevant documents to Defendants and their counsel. It is true that Plaintiff's counsel failed to follow through on

obtaining a completed waiver of service from Defendants' counsel.  Nonetheless, this oversight seems to stem, at least in part, from the request by Defendants' counsel for an extension to their time to respond to the complaint.  There would be no need for an extension if Defendants were not served because responsive pleading deadlines are triggered by service of process, not receipt of ineffective service.  In light of this, the Court concludes that Plaintiff's failure to follow up regarding the execution of a waiver of service did not suggest it failed to be diligent in seeking a waiver of service.

*Second*, statute of limitations considerations weigh in favor of granting Plaintiff an extension of time to effectuate service.  By Plaintiff's admission, the statute of limitations expired for certain of his claims on July 21, 2021.  Accordingly, if this Court were to dismiss Plaintiff's action for insufficient service of process, Plaintiff would therefore be barred from re-asserting those claims.  In such instances, dismissal under Rule 4(m) would, in effect, become a dismissal with prejudice.  For this reason, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Songhorian v. Lee*, No. 11-CV-36 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, 197 F.R.D. 104, 109 (S.D.N. Y 2000)).  Otherwise, "dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *Id.* (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 109-10).

This Court is particularly hesitant to effectively dismiss an action with prejudice for insufficient service of process where, as here, the defendant undoubtedly had actual notice of the lawsuit.  "[T]he core function of service is to supply notice in a manner and at a time that afford

8

the defendant a fair opportunity to answer the complaint and present defenses and objections." *Garcia v. City of New York*, No. 15-CV-7470 (ER), 2017 WL 1169640, at *6 (S.D.N.Y. Mar. 28, 2017) (internal quotation marks omitted).  As discussed above, Defendants were mailed copies of the motion and had sufficient notice to engage in motion practice.  Courts in this Circuit have been reluctant to dismiss entire actions for insufficient service where the fundamental purpose of Rule 4 has been so clearly satisfied.  *See Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 145-46 (S.D.N.Y. 2016) (collecting cases).  This factor, thus, also weighs in favor of granting Plaintiff an extension of time.

Finally, Defendants will not be unduly prejudiced by this extension.  Indeed, courts in this district have recognized that where, as here, a defendant received actual notice and had the opportunity to address the merits of the action, prejudice is minimal.  *See, e.g., In re Teligent Servs., Inc.*, 324 B.R. 467, 474 (Bankr. S.D.N.Y. 2005), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) (recognizing that a finding that defendants had "[a]ctual notice of an action militates against a finding of prejudice") (citing *AIG Managed Mkt.*, 197 F.R.D 111).

Accordingly, the Court grants Plaintiff an extension of 60 days—*i.e.*, until November 8, 2021—to effect proper service of process on Defendants.

## III.  Remaining Arguments

As the Court mentioned earlier, Defendants also moved to dismiss on a number of grounds under Fed. Rule Civ. P. 12(b)(6).  The Court cannot address these arguments at this juncture, since the court finds it has no personal jurisdiction.  *Porco v. Phoenix Bldg. Corp.*, No. 18 CV 5938 (NSR), 2019 WL 2210659, at *3 (S.D.N.Y. May 21, 2019) ("A court must dismiss an action against any defendant over whom it lacks personal jurisdiction."); Fed. R. Civ. P. 4(m).  Therefore, should Plaintiff properly serve Defendants, and should Defendants re-file their Motion to Dismiss at a subsequent date, the Court will address any ripe issues at future junctures.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, solely on grounds that they are presently improperly before this Court, and grants Plaintiff a 60-day extension to effect proper service.  The Complaint is not presently dismissed.  Instead, Plaintiff shall have until November 8, 2021 to effect proper service on each named Defendant or obtain and file waivers of service. Defendants may then answer the Complaint or refile their submissions should they so choose. Should Plaintiff fail to timely comply with this Opinion and Order the action, the Court may dismiss claims pursuant to Fed. R. Civ. P. 12(b)(5), which may result in claims being time-barred. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 16.


Dated:    September 7, 2021                                    SO ORDERED:
          White Plains, New York

                                                    _____
                                                         NELSON S. ROMÁN
                                                      United States District Judge